FILED
CLERK, U.S. DISTRICT COURT

MAR 2 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TYLER CORCORAN, | NO. CV 08-1708-DOC(E) |
|           Petitioner, | |
|   v. | ORDER DENYING MOTION AND |
| JAMES TILTON, et al., | DISMISSING ACTION WITHOUT |
|           Respondents. | PREJUDICE |

On March 13, 2008, Petitioner, a California state prisoner, commenced this action by filing a document entitled "Motion for Application for Enlargement of Time to File Writ of Habeas Corpus" ("the Motion"). The Motion appears to reflect: (1) Petitioner's desire to bring some unspecified habeas corpus petition in federal court at some future date; and (2) Petitioner's desire for a 90-day extension of the one-year period of limitations prescribed in 28 U.S.C. section 2244. For the reasons discussed herein, the Motion is denied and the action is dismissed without prejudice.

///

///

1       The Motion essentially seeks a ruling that equitable tolling

2  will prevent the statute of limitations from barring Petitioner's

3  anticipated but not yet filed habeas corpus petition, provided

4  Petitioner files the petition no later than 90 days after April 3,

5  2008.   The Constitution's "case or controversy" jurisdictional

6  requirement precludes the granting of such an advisory opinion.   <u>In</u>

7  <u>re Watson</u>, 1997 WL 487431 *1 (N.D. Cal. Aug. 6, 1997) (denying

8  without prejudice a state prisoner's request for an extension of the

9  AEDPA statute of limitations where the prisoner had not yet filed a

10 federal habeas petition); <u>accord</u> <u>In re Brockett</u>, 2006 WL 1329675 *1

11 (N.D. Cal. May 15, 2006); <u>Espinoza-Matthews v. California</u>, 2003 WL

12 21518116 *1 (N.D. Cal. June 18, 2003); <u>see</u> <u>United States v. Leon</u>, 203

13 F.3d 162, 163-64 (2nd Cir. 2000) (federal court lacks jurisdiction to

14 consider request to extend the time to file a motion under 28 U.S.C.

15 section 2255); <u>United States v. Polanco</u>, 1999 WL 328352 *2 (S.D.N.Y.

16 May 21, 1999) (same); <u>United States v. Agnes</u>, 1997 WL 763025 *1-2

17 (E.D. Pa. Dec. 9, 1997) (same); <u>see also</u> <u>Calderon v. Ashmus</u>, 523 U.S.

18 740, 746-49 (1998) (no "case or controversy" where prisoners sought

19 declaratory relief to determine the time limits that would govern

20 future habeas actions); <u>United States v. Cook</u>, 795 F.2d 987, 994

21 (Fed. Cir. 1986) (District Court erred by tolling statute of

22 limitations in advance of the filing of potentially untimely claims).

23 If and when Petitioner files a habeas corpus petition, this Court can

24 consider Petitioner's arguments in favor of equitable tolling of the

25 statute of limitations.   <u>See</u> <u>In re Brockett</u>, 2006 WL 1329675 *1 (N.D.

26 Cal. May 15, 2006).

27 ///

28 ///

1      For all of the foregoing reasons, the Motion is denied and

2 this action is dismissed without prejudice.

3

4      LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6         DATED: _____ *March 23* _____, 2008.

7

8

9                _____

                   DAVID O. CARTER

10            UNITED STATES DISTRICT JUDGE

11

12

13

14

15 PRESENTED this 18th day of

16 March, 2008, by:

17

18 _____

        CHARLES F. EICK

19 UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28